John I. HENDERSON, Individually, and John I. Henderson, Administrator of Estate of Minnie Henderson, Deceased, Appellant,

v.

Elmer SANDERS et al., Appellees.

Court of Appeals of Kentucky.

Dec. 2, 1955.

As Modified on Denial of Rehearing Feb. 3, 1956.

Marshall Funk, Bowling Green, for appellant.

Rodes K. Myers, Bowling Green, for appellees.

CAMMACK, Judge.

This is the second appeal of this case. On the first appeal, we held that a constructive trust could and should be imposed upon United States Savings Bonds, Series E, in order to protect a defrauded person whose funds had been used to purchase the bonds. See Henderson's Adm'r v. Bewley, Ky., 264 S.W.2d 680. Therein we said the chancellor should enter an order directing the named payees to sign the bonds, and further directed that a judgment be entered consistent with our opinion.

Subsequent to the filing of the mandate, the trial court entered an order directing the beneficiaries to sign the bonds and deliver them to John I. Henderson, the defrauded party. After that order was carried out, Henderson presented the bonds for payment to the Treasury Department of the United States. Payment was refused on the grounds that by their terms the bonds were payable only to the named beneficiaries. However, the Treasury Department outlined a method whereby the proceeds of the bonds could be paid to Henderson. The method required the payees to execute certain Departmental forms, including a power of attorney.

After learning of the procedure required by the Treasury Department for payment to one other than the named payee of the bonds, Henderson brought this action seeking to compel the payees, the appellees, under penalty of contempt, to execute the prescribed forms in order to effectuate this Court's holding. The trial court refused to enter such an order, on the grounds that it was unnecessary in view of the payees' endorsement on the bonds, and that the terms of the prescribed power of attorney were too broad. The appeal is taken from that judgment.

The first basis upon which the trial court refused to require the appellees to comply with the Treasury Department's suggested procedure is clearly erroneous, as evidenced by the Department's refusal to pay solely on the basis of the payees' endorsements. It may be true that the prescribed power of attorney is broader in its terms than the case before us would require. However, the Department's letter, which is a part of the record, indicates that the power of attorney need only refer to the bonds affected by our prior opinion. The letter refers specifically to an "appropriate" power of attorney which would conform to the prior holding of this Court.

We see no reason why the procedure required by the Treasury Department should not be followed in this case. The trial court has the inherent power to effectuate the judgment entered in the prior litigation, and may, under penalty of contempt, order the parties to perform all acts necessary to accomplish that end.

The judgment is reversed, with directions that the trial court enter the orders necessary to secure the proceeds of the bonds for Henderson.